IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY DARDARIAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTORATION HARDWARE, INC.,<br><br>Defendant.<br>_____/ | No. C 11-00946 WHA<br><br>**ORDER REQUESTING BRIEFING REGARDING SUBJECT-MATTER JURISDICTION** |

Plaintiff herein brings a proposed class action asserting one claim of violation of California Civil Code Section 1747.08, the Song-Beverly Credit Card Act. Subject matter jurisdiction is solely asserted based on the Class Action Fairness Act (Compl. ¶ 5). Defendant answered the complaint and "admit[ted] that this Court has jurisdiction over this action." Immediately after filing its answer, defendant filed a motion to dismiss or stay because of a pending state-court action that concerns the same claim as to the same defendant on behalf of a similar class. Defendant's opening brief did not contest subject-matter jurisdiction based on CAFA. In a footnote in its reply in support of its motion, however, defendant states: "It has [] come to [defendant]'s attention that the Court lacks subject matter jurisdiction over this action under the Class Action Fairness Act" (Reply 1 n.1). No more is said on the matter.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Disciplinary Action Against Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) (overruled on other grounds). If the parties fail to raise the issue, the absence of subject-matter jurisdiction must

be raised by the district court *sua sponte*. The parties' concessions that jurisdiction exists is not a bar to this inquiry: "A party cannot estop itself into jurisdiction where none exists." *Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1108 (9th Cir. 1999). Federal courts must normally determine jurisdictional issues before considering the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–101 (1998).

Accordingly, this order finds that it is necessary to determine whether CAFA jurisdiction is properly invoked by plaintiff before proceeding to decide whether to dismiss or stay the action because of a substantially similar pending state-court action. The motion hearing and case management conference on June 16 are accordingly **VACATED**; they will be re-set by the Court if and when necessary. Both sides shall please file submissions concerning whether subject-matter jurisdiction over this action exists, of no more than 15 pages in length, by **JUNE 20, 2011**. The parties may then reply to the other side's submission, in no more than 10 pages, by **JUNE 27, 2011**.

**IT IS SO ORDERED.**

Dated: June 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2